UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:26-cv-03599-MBK | | Date | April 7, 2026 |
|---|---|---|---|---|
| Title | Jose Espinoza Hernandez v. Warden of Adelanto Detention Facility, et al. | | | |

| Present: The Honorable | Michael B. Kaufman, U.S. Magistrate Judge |
|---|---|

| James Muñoz | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| None present | None present |

**Proceedings:**   ORDER GRANTING IN PART AND DENYING IN PART PETITIONER'S APPLICATION FOR A TEMPORARY RESTRAINING ORDER (DKT. 4)

Pending before the Court is Petitioner Jose Espinoza Hernandez's Application for A Temporary Restraining Order. Dkt. 4. For the reasons that follow, the Application is **GRANTED IN PART** and **DENIED IN PART**.

The Court grants Petitioner's request to bar Respondents from transferring or removing him from the Central District of California pending the resolution of his habeas petition. Petitioner's transfer would frustrate his ability to continue to litigate his habeas petition because his counsel and family are located in this District. As such, it is reasonable to prevent Petitioner's transfer outside the District during the relatively short period it will take to resolve this petition.

The Court denies Petitioner's remaining requests for temporary relief without prejudice. This Court recently adopted a General Order that sets a default schedule in immigration habeas cases like this one. *See* Central District of California General Order ("GO") 26-05. Under the default schedule that was ordered in this case, Respondents are required to file a response to the Petition by April 13, 2026, and Petitioner may file a reply by April 16, 2026. Dkt. 6. The Court adopted this expedited briefing schedule in part "to provide a prompt resolution to habeas petitions and reduce the contemporaneous filing of applications for a temporary restraining order." GO 26-05 at 5. The Order explains that "[a]pplications for temporary restraining orders should be reserved for cases where the petitioner alleges imminent, irreparable harm that cannot be addressed by the standard scheduling order or by expediting the briefing schedule." *Id*.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:26-cv-03599-MBK | | Date | April 7, 2026 |
|---|---|---|---|---|
| Title | Jose Espinoza Hernandez v. Warden of Adelanto Detention Facility, et al. | | | |

Here, Petitioner's TRO application does not explain why Petitioner's request for release and other habeas relief "cannot be calendared in the usual manner." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). While the Court recognizes that Petitioner claims his ongoing detention is unlawful and that he is separated from his family while he remains detained, he does not identify specific "imminent, irreparable" harm that warrants faster relief than is available under the expedited schedule ordered on the Petition.

Accordingly, the Court **ORDERS** Respondents not to remove Petitioner outside the Central District of California pending the resolution of this matter. Respondents are further **ORDERED** to disseminate this Order to the immigration officers assigned to Petitioner's immigration case and to place a copy of this Order in Petitioner's A-file. The Court will address Petitioner's remaining claims for relief after the completion of briefing on the Petition.

Finally, the Court observes that Petitioner appears to claim that he is a member of the Bond Eligible Class in *Maldonado Bautista v. Santacruz*, No. 5:25-cv-01873-SSS-BFM (C.D. Cal.). Dkt. 1 at 3-4. To the extent the parties agree that Petitioner is entitled to a Section 1226(a) bond hearing under *Maldonado Bautista* and that such relief would resolve Petitioner's habeas claims, the parties may submit a joint stipulation with a proposed order and judgment requiring Respondents to provide Petitioner with a Section 1226(a) bond hearing within seven days. If the parties submit such a joint stipulation **on or before April 13, 2026**, they are relieved of their obligations to brief the Petition under the current expedited briefing schedule.

**IT IS SO ORDERED.**