# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ESPINOZA HERNANDEZ,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, ADELANTO DETENTION FACILITY, et al.,<br><br>Respondents. | Case No. 2:26-cv-03599-MBK<br><br>ORDER GRANTING PETITION AND ISSUING WRIT OF HABEAS CORPUS |

Petitioner Jose Espinoza Hernandez is currently in the custody of the Department of Homeland Security at the Adelanto Detention Facility. He was arrested and detained by Immigration and Customs Enforcement ("ICE") outside of his home in the early morning of April 2, 2026, when he was leaving for work. Petitioner is currently in removal proceedings in Adelanto and has a pending application for a U-Visa.

Petitioner filed the instant habeas petition on April 3, 2026. Dkt. 1. He asserts three causes of action: (1) his re-detention without a bond hearing violates 8 U.S.C. § 1226 and immigration regulations; (2) his ongoing

detention does not serve any valid purpose and violates due process; and (3) the denial of a bond hearing violates due process. Dkt. 1 at 7-12. He argues that he is entitled to release or, in the alternative, a bond hearing. *Id.* at 12-13. On April 6, 2026, Petitioner filed a motion for a temporary restraining order ("TRO"). Dkt. 4. On April 7, 2026, the Court granted in part and denied in part Petitioner's TRO, ordering Respondents not to remove Petitioner from the Central District of California pending the resolution of this matter. Dkt. 5. The Court denied Petitioner's other claims for relief without prejudice because he did not demonstrate why his claims could not be resolved under the expedited briefing schedule established by General Order 26-05. *Id.* at 2.

Respondents filed their Answer on April 14, 2026, the day after the deadline established by General Order 26-05. *See* Dkt. 3. In their untimely Answer, Respondents acknowledge that Petitioner seeks "an order requiring Respondents to provide an immigration bond or to release him from immigration detention." Dkt. 3 at 2. Respondents state that they "are not presenting an opposition argument at this time. Should the Court enter relief, judgment may be entered, and, consistent with the 'expeditious resolution' of § 2241 Immigration Petitions required by the General Order, no more filings or proceedings will be necessary in this matter." *Id.*

In light of Respondents' statement that they "are not presenting an opposition argument at this time," the Court finds that Petitioner is entitled to habeas relief. Immigration detention is only permitted where it advances the Government's interest in ensuring a noncitizen's presence at removal proceedings or for removal, or preventing danger to the community. *Zadvydas v. Davis*, 533 U.S. 678, 697 (2001). Respondents do not dispute Petitioner's claim that he does not present a danger or flight risk, and that there is no

other valid basis for his detention. Dkt. 1 at 9-10. Because Petitioner's detention without justification violates due process, he is entitled to release.

For the foregoing reasons, **IT IS ORDERED** that: (1) Judgment be entered granting the Petition; (2) a writ of habeas corpus be issued requiring Petitioner's immediate release, subject to reasonable conditions of supervision; and (3) Respondents shall file a status report within seven (7) days confirming their compliance with the Court's order.

Dated: April 15, 2026

_____
HON. MICHAEL B. KAUFMAN
UNITED STATES MAGISTRATE JUDGE

3